ANDREWS, Judge.
The plaintiffs, Wendall and Janet Hall, sought to have certain covenants restricting the use of their land declared unenforceable and terminated on the grounds that the character of the neighborhood has changed so as to destroy the object or purpose of the restrictions. They desired to operate a beauty shop. Final decree was entered dismissing the cause, and the plaintiffs appeal.
The restrictions complained of were placed on plaintiffs’ property in a deed executed in 1957 by the defendant’s predecessor in title. The plaintiffs purchased the property in 1960. The covenant complained of prohibited the erection of any building, “excepting residences, apartments, motels and hotels, * * * provided however that if the plans and specifications thereof' and therefor first are approved in writing by parties of the first part, then then the party of the second part may construct and maintain upon the premises a building for and to be used * * * as follows: An apartment for residential use and occupancy. Quarters and accommodations for a commercial office building, to be used by commercial offices including without limitation a real estate brokerage business. * 5fS ‡ »
The plaintiffs introduced in evidence a map showing 26 businesses in the area. Among these business establishments are a gift shop, office buildings, motels, a real estate office, beauty salons, restaurants, beer parlor, service stations, a grocery store, barber shop, package store, and storage building. The record shows that these buildings and businesses were in existence prior to 1957 when the deed containing the restriction was executed, with the exception of a doctor’s office, a beauty salon, a restaurant and a gas station, and that these establishments were outside the dominant estate.
The defendant contends that the restrictions imposed on the property of plaintiffs were for good and useful purpose, including the creation of a balanced economy and harmonious business community within the Briny Breezes Trailer Park commercial area. Such covenants are enforced so long as they are not contrary to public policy or expressed law, and the restraint is within reasonable bounds. Sinclair Refining Co. v. Watson, 1953, Fla., 65 So.2d 732.
The chancellor found that there had not been such change of the character of the neighborhood as to justify cancellation or modification of the restrictive covenants of the deed.
A careful study of the record shows that the chancellor properly considered the evidence and applied proper law in reaching his decision.
Affirmed.
SMITH, Acting C. J., and WILLSON, JESSE H., Associate Judge, concur.